Demetrios **TAMBORIS**, Plaintiff-Appellant,

v.

**KAINIS COMPANIA MARITIMA, S.A.,** et al., Defendants-Appellees.

No. 30883
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 11, 1971.

---

* [1] Rule 18, 5 Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1132**

Joseph M. Matranga, Dominick J. Matranga, Mobile, Ala., for plaintiff-appellant.

George F. Wood, Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this controversy between Tamboris, an alien seaman, and Kainis Compania Maritima, S.A., a foreign shipowner, in which damages are sought under the Jones Act and for unseaworthiness, Tamboris appeals from the dismissal of his complaint. We affirm.

 The District Court considered the seven factors explicated in Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254, and correctly concluded that American law does not apply to a dispute arising out of a personal injury to a Greek seaman aboard a Liberian flag vessel owned by a Panamanian corporation which is in turn a wholly owned subsidiary of a Liberian corporation.

1. It is undisputed that "C" Ventures, Inporated, was acting as agent only and had no ownership interest in the vessel. Since it was neither employer nor shipowner, the corporation was properly dismissed by the District Court.

Unlike Hellenic Lines Ltd. v. Rhoditis, 1970, 398 U.S. 306,[1] 90 S.Ct. 1731, 26 L. Ed.2d 252, where American law was applied in the case of a foreign owner and operator when it appeared that the holder of ninety-five percent of the stock of the corporate shipowner and the company's directing hand was a longtime resident alien of the United States, it is here undisputed that no American citizens or residents own any share of the owning corporation, directly or indirectly.[1]

Affirmed.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.